UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAISON D. NUNEZ VALLADARES,

Petitioner,

v. Case No.: 2:26-cv-02867-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

**OPINION AND ORDER**

Before the Court is Daison D. Nunez Valladares's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Nunez Valladares's reply (Doc. 6).

Nunez Valladares is a native and citizen of Venezuela who entered the United States without inspection on June 18, 2023. He timely filed for asylum and received work authorization, and he has maintained steady employment, paid federal income taxes, and complied with all immigration requirements. On December 29, 2025, local police arrested Nunez Valladares for an issue relating to vehicle registration. He has no criminal convictions. Immigration and Customs Enforcement (ICE) prepared a I-200 Warrant for Arrest of Alien, but it is unsigned and apparently unserved. ICE took custody of Nunez Valladares on January 4, 2026. ICE prepared a notice to appear on that date

but did not serve it on Nunez Valladares until January 7, 2026. An immigration judge ordered Nunez Valladares removed on July 9, 2026. Nunez Valladares appealed the order, so it is not administratively final.

In his habeas petition, Nunez Valladares argues his warrantless arrest and detention violate his Fifth Amendment right to due process. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that

fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford Nunez Valladares the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. A noncitizen arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

There was no legal basis for the arrest because Nunez Valladares was not yet in removal proceedings, and the government offers no reason why it

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

could not have provided predeprivation process. Nunez Valladares has never been convicted of a crime or been accused of evading government officials. On the contrary, he has engaged with state and federal governments to obtain work authorization, apply for asylum, and file federal income tax returns. The government provides no reason for urgency here.

The Court notes the significant delay in Nunez Valladares's objection to the process that accompanied his arrest. This is his third habeas petition—the first two resulted in bond hearings—and he could have objected to the process that accompanied his arrest earlier. The respondents do not object to the delay, and Eleventh Circuit "decisions indicate that laches rarely applies [in habeas actions] even where the delay in filing a petition has been extreme." *Smith v. Jones*, 256 F.3d 1135, 1142 (11th Cir. 2001) (citing cases that rejected a laches defense when petitions were delayed by as much as eighteen years). Thus, Nunez Valladares's delay in asserting his instant habeas claim is not a reason to deny it.

The government violated Nunez Valladares's right to due process by arresting him without a warrant and before he was in removal proceedings and detaining him under an inapplicable statutory authority that provides for no individualized process. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."

*Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Daison D. Nunez Valladares's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Nunez Valladares within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 18, 2026.

Sheri Polster Chappell

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies: All Parties of Record